United States District Court
Southern District of Texas
ENTERED

JUN 19 2001

Michael N. Milby, Clerk of Court

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | § | |
|---|---|---|
| JESUS ANTONIO RODRIGUEZ, | § | |
| Movant, | § | |
| | § | |
| VS. | § | C.A. NO. M-99-311 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### RECOMMENDATION

Movant Jesus Antonio Rodriguez, a federal prisoner proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Doc. # 1. In response, the government has filed a motion to dismiss. Doc. # 6. Movant has also filed a "Motion to Enforce Rule 35 or Request for Relief Pursuant 18 U.S.C. § 3582(c)(2)." Doc. # 11.

It has come to the court's attention that movant Rodriguez has filed a motion to dismiss his § 2255 petition, explaining that he no longer wishes to prosecute his claims. Doc. # 13. The undersigned recommends that the motion to dismiss movant's § 2255 petition be granted. Because movant Rodriguez has also requested dismissal of "any and all post-conviction motions and amendments

still pending," his § 3582(c)(2) motion should also be denied.[1]

Accordingly, the undersigned recommends that movant's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 be dismissed. It is further recommended that movant's motion to modify his sentence pursuant 18 U.S.C. § 3582(c) be denied.

## NOTICE TO PARTIES

The Clerk shall send copies of this Report and Recommendation to movant and counsel for respondent, who have ten (10) days after receipt thereof to file written objections pursuant to General Order 80-5. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

---

[1] It should be noted, however, that a motion pursuant to 18 U.S.C. § 3582(c)(2) is more properly considered as a motion in movant's criminal case, rather than as part of a § 2255 action. See United States v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995)(stating that a motion to reduce a sentence due to guideline amendments is not cognizable in a § 2255 action, but rather is properly brought pursuant 18 U.S.C. § 3582). Thus, the § 3582 motion would not have been proper in this action in any event.

DONE this 14th day of June, 2001, in McAllen, Texas.

                                             Peter E. Ormsby
                                UNITED STATES MAGISTRATE JUDGE